**ROBERT A. JOHNSTON COMPANY,**
Appellee,

v.

**SOUTHLAND DAIRY DISTRIBUTING COMPANY, Chef's Kitchen, Inc., John H. Tasker, Fredric E. Schluter, Jr., and Dorothy O. Schluter, Appellants.**

No. 10778.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 6, 1967.

Decided April 5, 1967.

Harry Frazier, III, Richmond, Va. (Kurt Berggren, and Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief), for appellants.

Clyde T. Rollins and A. W. Sapp, Jr., Greensville, N. C., for appellee.

Before SOBELOFF, J. SPENCER BELL and WINTER, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

This is an appeal by the three individual defendants from a judgment based upon a jury verdict in a diversity case. The Plaintiff, a Wisconsin corporation, brought suit against the Southland Dairy Distributing Company, a corporation, and the three individuals who constituted its officers and stockholders. The action rested upon two theories, first that the corporate defendant was an

agent of the plaintiff and that the individual defendants have caused the corporate defendant to convert the principal's property to their own use, and second, that even if the corporate defendant were not the plaintiff's agent, the individual defendants, knowing it to be insolvent, have caused their corporation to convert its assets to their individual benefit in violation of their trust obligations to the plaintiff as a creditor of the corporate defendant. In the issues submitted to the jury the agency relationship was covered first and under instructions the jury having answered that in the plaintiff's favor, it did not reach the second theory upon which the plaintiff's case rested.

The plaintiff is a manufacturer of dairy powders for making chocolate milk, ice cream bar coatings, syrups, and related fountain items. Prior to February of 1959 it had an established distributorship in North and South Carolina and part of Virginia. On February 12, 1959, it confirmed by letter an arrangement for Southland to take over the business. From that date until the plaintiff terminated the relationship in July of 1964, Johnston shipped its merchandise both to the corporate defendant and directly to Johnston's customers in the territory. Johnston maintained sales representatives who directly contacted its customers. Sales in the territory were billed and collected through the corporate defendant though 90% of them were made by the plaintiff's sales representatives. Southland maintained a warehouse in Greensboro where it stored the plaintiff's products pending sale. The plaintiff maintained supervision over the warehouse for the purpose of controlling the quantity, age and condition of the products stored there and assuring itself that no competitor's products were stocked. Southland's sole source of income was from the sale of the plaintiff's products.

In the ordinary course of business Southland collected from the customers, took out its credits, commissions, etc., and remitted the balance to the plaintiff.

In 1963, Southland failed to remit and instead used the funds from collections in the amount of $12,000.00 to start an unincorporated business known as Chef's Kitchen. After the plaintiff's demand for payment in 1964, this business was incorporated and the stock placed in the names of the individual defendants. In 1962, 1963 and 1964, while insolvent, the corporate defendant with the knowledge of the individual defendants transferred altogether approximately $40,000.00 to or for the benefit of the individual defendants. The above is a résumé of the evidence which went to the jury, all of the important elements of which were either stipulated or uncontroverted.

The defendants appeal on the ground that the trial judge did not properly charge the jury on the legal distinction between a distributorship and an agency. They particularly complain because the court in giving "examples" of a typical principal-agent relationship referred to the usual situation of an automobile dealer as an example of the usual principal-agent relationship with an automobile manufacturer. We cannot share the defendant's outrage for several reasons, even though we would concede that the example was unfortunate in view of the normal financial relations between automobile dealers and manufacturers. First, the example was only one of several offered by the court in the course of a full and meticulous outline of the law of principal and agent and a careful application of the law to the facts of this case. Second, the example of the car dealer-manufacturer was a casual reference; it was not analyzed at length, and we cannot believe that the jurors would substitute the judge's prior exposition of the distinction between a distributorship founded on a course of sales between a manufacturer and a dealer and that of a principal-agent relation. Indeed, we think the judge's charge was eminently fair to the defendants as we think the undisputed testimony came very close to justifying a directed verdict on either theory of the

case for the plaintiff. Finally, counsel for the defendants failed to call the point to the attention of the trial judge. We do not however need to consider this point as in our opinion the charge as a whole was eminently fair and the reference, if erroneous, was not prejudicial.*

Affirmed.

* Judge Bell prepared the foregoing opinion, but he died before the opinion was filed.